UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 07-CV-1929 (JFB) (ETB)
_____

DENISE TORINO AND ROBERT F. TORINO, JR.,

Plaintiffs,

VERSUS

KEVIN J. RIEPPEL, SHIELD NO. 5921, INDIVIDUALLY AND AS AN EMPLOYEE OF THE SUFFOLK COUNTY, NEW YORK POLICE DEPARTMENT, ERIC DIPRIMA, SHIELD NO. 5719, INDIVIDUALLY AND AS AN EMPLOYEE OF THE SUFFOLK COUNTY, NEW YORK POLICE DEPARTMENT, JAMES DOLAN, SHIELD NO. 5603, INDIVIDUALLY AND AS AN EMPLOYEE OF THE SUFFOLK COUNTY, NEW YORK POLICE DEPARTMENT, ROBERT J. TORINO, AND COUNTY OF SUFFOLK,

Defendants.

_____

**MEMORANDUM AND ORDER**
October 8, 2009
_____

JOSEPH F. BIANCO, District Judge:

Plaintiffs Denise Torino and Robert F. Torino, Jr. (collectively, "plaintiffs") bring the instant action against defendants Suffolk County Police Officer Kevin J. Rieppel, Suffolk County Police Officer Eric DiPrima, Suffolk County Police Officer James Dolan, Robert J. Torino, and the County of Suffolk (collectively, "defendants"), alleging claims under 42 U.S.C. §§ 1983 and 1988, and under the Fourth, Fifth, and Fourteenth Amendments for false arrest, excessive force, and unlawful entry.

On June 9, 2009, defendants filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of the false arrest claims against defendants Kevin J. Rieppel and James Dolan, and dismissal of all claims against the County of Suffolk.[1] For the reasons set forth below, defendants' motion is granted in part and denied in part. In particular, the motion is denied with respect to the false arrest claims against Officers Rieppel and Dolan, and is granted as to the claims

---

[1] The false arrest claim is asserted only against Officers Rieppel and Dolan in the Amended Complaint. (*See* Am. Compl. ¶ 1(a).)

against the County of Suffolk.

## I. BACKGROUND

### A. Facts

The following facts are taken from the parties' depositions, declarations, exhibits, defendants' Local 56.1 statement of facts ("Defs.' 56.1"), and plaintiffs' Affidavit in Opposition ("Pls.' Aff.").[2] Upon consideration of a motion for summary judgment, the Court construes the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005). Thus, with regard to defendants' motion for summary judgment, the Court shall construe the facts in favor of plaintiffs.[3]

This case arises out of the arrest of plaintiff Denise Torino for an alleged violation of an order of protection. (Defs.' 56.1 ¶ 1.) The arrest was based on a complaint received by police from defendant Robert J. Torino (hereinafter, "Torino"). (*Id.* ¶¶ 2, 3, 9.) Torino is the father-in-law of Denise Torino and a retired police officer. (Pls.' Aff. ¶ 3.)

On May 26, 2006, Torino provided a sworn deposition to defendant Officer Kevin J. Rieppel of the Suffolk County Police stating that plaintiff Denise Torino had violated an order of protection. (Defs.' 56.1 ¶¶ 3, 4.) Specifically, Torino complained that, on October 19, 2005 at 11:30 p.m., Denise Torino had her daughter Deanna make a total of sixteen phone calls of a harassing nature to Torino and that Deanna made the calls while Denise coached. (Defs.' 56.1 ¶ 4; Defs.' Ex. B.) The order of protection at issue prohibited Denise Torino from contacting Torino, whether directly or through a third party. (Defs.' 56.1 ¶ 6; Defs.' Ex. C.) The order had been personally served on Denise Torino on October 19, 2005 at 10:49 p.m., and it was in effect from October 19, 2005 to October 19,

---

[2] The Court notes that plaintiffs failed to file and serve a response to defendants' Local Rule 56.1 Statement of Facts, in violation of Local Civil Rule 56.1. Generally, a "plaintiff['s] failure to respond or contest the facts set forth by the defendants in their Rule 56.1 statement as being undisputed constitutes an admission of those facts, and those facts are accepted as being undisputed." *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003) (quoting *NAS Elecs., Inc. v. Transtech Elects. PTE Ltd.*, 262 F. Supp. 2d 134, 139 (S.D.N.Y. 2003)). However, "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted); *see also Gilani v. GNOC Corp.*, No. 04 Civ. 2935 (ILG), 2006 U.S. Dist. LEXIS 23397, at *4-5, 2006 WL 112062 (E.D.N.Y. Apr. 26, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1). Here, although plaintiffs did not submit a Rule 56.1 statement, they did submit an Affidavit in Opposition providing some outline of plaintiffs' factual position with some citation to the factual record. Thus, both the Court and defendants are able to discern the factual evidence upon which plaintiffs are relying to create material issues of disputed fact to overcome summary judgment. Accordingly, in the exercise of its broad discretion, the Court will overlook this defect and will deem admitted only those facts in defendants' Rule 56.1 statement that are supported by admissible evidence and not controverted by other admissible evidence in the record. *See Jessamy*, 292 F. Supp. 2d at 504.

[3] Unless otherwise noted, where one party's 56.1 statement or affidavit is cited, that fact is not contested by the other party.

2

2006. (Defs.' 56.1 ¶ 5; Defs.' Ex. C.) In making his complaint, Torino swore that he had all of the subject telephone calls recorded on tape. (Defs.' 56.1 ¶ 7; Defs.' Ex. B.) He also advised Officer Rieppel that he believed Denise Torino was responsible for recent damage to his deceased son's gravesite, and that "this was a factor in his decision to bring the charges against Denise Torino for violating the order of protection." (Defs.' 56.1 ¶ 8; Defs.' Ex. E., ¶ 8) Denise Torino denies causing the phone calls in question to be made and denies coaching her daughter. (Pls.' Aff. ¶ 8.)

On May 26, 2006, Officer Rieppel drafted a Misdemeanor Information, with Torino's sworn deposition attached, alleging that plaintiff Denise Torino had committed the crime of Criminal Contempt in the Second Degree under New York State Penal Law Section 215.50. (Defs.' 56.1 ¶¶ 1-3; Defs.' Ex. A.) Based on the Misdemeanor Information, Officers Dolan and DiPrima arrested Denise Torino on May 26, 2006. (*Id.* ¶ 10.)

On December 23, 2006, the Suffolk County District Court dismissed the charge against Denise Torino as legally insufficient under New York law. (Defs.' 56.1 ¶ 11; Defs.' Ex. F.)

B. Procedural History

Plaintiffs filed this action on May 9, 2007 against Suffolk County Police Officer Kevin J. Rieppel, several unnamed Suffolk County police officers, Robert J. Torino, and the County of Suffolk. Plaintiffs filed an amended complaint on October 16, 2008, adding Suffolk County Police Officers James Dolan and Eric DiPrima as defendants and alleging claims under 42 U.S.C. §§ 1983 and 1988, and under the Fourth, Fifth, and Fourteenth Amendments for false arrest, excessive force, and unlawful entry. On June 9, 2009, defendants filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of the false arrest claims against defendants Kevin J. Rieppel and James Dolan, and dismissal of all claims against the County of Suffolk. Oral argument was held on September 9, 2009, and supplemented on October 6, 2009. This matter is fully submitted.

II. STANDARD OF REVIEW

The standards for summary judgment are well-settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

### III. DISCUSSION

As set forth below, plaintiffs' false arrest claims against Officers Rieppel and Dolan survive summary judgment because there are genuine issues of fact regarding whether probable cause existed for the arrest of Denise Torino for criminal contempt based upon the complaint of Torino. Although Officers Rieppel and Dolan argue in the alternative that at the very least they had arguable probable cause and are thus protected from liability on the false arrest claim by qualified immunity, the Court concludes that it cannot make that determination at the summary judgment stage in this particular case because of the conclusory nature of the information in the Misdemeanor Information from the victim and the lack of a record regarding the circumstances under which the information was communicated to the police by the victim. Finally, summary judgment is warranted on all of plaintiffs' claims against the County of Suffolk because there is no evidence to support a claim of municipal liability against the County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). The Court will address each of these issues in turn.

### A. Plaintiffs' False Arrest Claims Against Officers Rieppel and Dolan

To prevail on a claim under section 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress of the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). "Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (false arrest) and citing *Conway v. Village of Mount Kisco*, 750 F.2d 205, 214 (2d Cir. 1984) (malicious

4

prosecution)).

The Second Circuit has established that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under Section 1983." *Weyant*, 101 F.3d at 852 (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994) and citing *Broughton v. State*, 335 N.E.2d 310, 315 (N.Y. 1975) (holding that, under New York law, "[j]ustification may be established by showing that the arrest was based on probable cause") and *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.")). In general, probable cause is established where "the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'"[4] *Singer*, 63 F.3d at 119 (quoting *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993) (citation omitted)); *see also Weyant*, 101 F.3d at 852 (citing *Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1979)) (additional citations omitted). Furthermore, "the validity of an arrest does not depend upon an ultimate finding of guilt or innocence." *Peterson v. County of Nassau*, 995 F. Supp. 305, 313 (E.D.N.Y. 1998) (citing *Pierson v. Ray*, 386 U.S. 547, 555 (1967), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). "Rather, the court looks only to the information the arresting officer had at the time of the arrest." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). Moreover, a determination of probable cause is based upon the "totality of the circumstances, [and] 'where law enforcement authorities are cooperating in an investigation . . ., the knowledge of one is presumed shared by all.'" *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir. 1989) (quoting *Illinois v. Andreas*, 463 U.S. 765, 771 n.5 (1983)) (additional citations omitted); *see also Bernard*, 25 F.3d at 102 (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1982)). "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers, or may require a trial if the facts are in dispute." *Weyant*, 101 F.3d at 852 (citations omitted). Where an issue of probable cause is "factual in nature," it must be presented to a jury. *Moore v. Comesanas*, 32 F.3d 670, 673 (2d Cir. 1994) (citations omitted). Furthermore, an officer who merely observes or assists in an arrest, even if he is not the "arresting officer" may be liable for failing to intercede to prevent an arrest without probable cause. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.") (citations omitted).

With respect to an officer's basis for probable cause, it is well-established that

---

[4] In New York State, "a police officer may arrest a person for . . . [a] crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." N.Y. Crim. Proc. Law § 140.10(1)(b). "'Reasonable cause to believe that a person has committed an offense' exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it." N.Y. Crim. Proc. Law § 70.10.

5

"[w]hen information [regarding an alleged crime] is received from a putative victim or an eyewitness, probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (citing *Singer*, 63 F.3d at 119); *see also Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."); *McKinney v. George*, 726 F.2d 1183, 1187 (7th Cir. 1984) ("If policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be held liable for a violation of the Constitution merely because it later turns out that the complaint was unfounded."). Moreover, "[t]he veracity of citizen complain[an]ts who are the victims of the very crime they report to the police is assumed." *Miloslavsky v. AES Eng'g Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992) (citing *Adams v. Williams*, 407 U.S. 143, 148 (1972)), *aff'd*, 993 F.2d 1534 (2d Cir. 1993); *accord Lee v. Sandberg*, 136 F.3d 94, 103 n.5 (2d Cir. 1997) (quoting *Miloslavsky* with approval); *see also* 2 Wayne LaFave, *Search and Seizure: A Treatise On The Fourth Amendment* § 3.4(a), at 205 (4th ed. 2007) (noting that the Supreme Court has "proceeded as if veracity may be assumed when information comes from the victim of . . . criminal activity") (citing *Chambers v. Maroney*, 399 U.S. 42 (1970)).

(1) Probable Cause to Arrest

As set forth below, there is a genuine issue of disputed fact as to whether there was probable cause to arrest Denise Torino for criminal contempt that precludes summary judgment on the false arrest claims against defendants Rieppel and Dolan.

Under New York law,

> [a] person is guilty of Criminal Contempt in the Second Degree when he engages in . . . intentional disobedience or resistance to the lawful process or other mandate of a court . . . .

N.Y. Penal Law § 215.50. According to Torino's sworn statement, Denise Torino had her daughter make sixteen separate phone calls to Torino on October 19, 2005, and that Denise Torino coached the daughter to make the calls. However, the statement does not indicate what the basis is for Torino's conclusion that Denise Torino had caused the calls and was coaching her daughter. For example, the sworn statement does not indicate that Torino heard the coaching in the background of the calls. This conclusory assertion in the sworn statement, with no indication that it is based on first-hand knowledge and no other facts to explain what the statement is based upon, does not establish probable cause for all of the elements of the offense. Thus, the particular situation of this case is distinguishable from the above-referenced cases where a victim or eyewitness claims to have first-hand knowledge of a crime. In such circumstances, that first-hand knowledge by the victim or eyewitness is by itself, absent circumstances that raise doubt as to the person's veracity, sufficient to establish probable cause. However, here, the only information in the record about the victim's statement – namely, the sworn written statement by the victim (and the Affidavit of Officer Rieppel which substantiallly repeats the general information in the victim's statement) – is too conclusory to make that

determination on summary judgment.

The Court's determination on this issue is consistent with decisions by other courts under analogous circumstances. For example, in *Mason v. Town of New Paltz Police Dep't*, 103 F. Supp. 2d 562, 564 (N.D.N.Y. 2000), the complainant, the manager of a bar, signed a sworn information that stated that the plaintiffs trespassed onto the bar's property. The information tracked the definition of trespass under New York's Penal Law and stated that the offense occurred at the bar. *Id.* at 566. In denying the motion for summary judgment on the false arrest claim, the court noted that the information was too conclusory to establish probable cause:

> [T]he information does not clearly state complainant's involvement in the circumstances, or whether the allegations are based on the complainant's personal knowledge or on information and belief. The conclusory allegations of the information are insufficient, without more, to constitute probable cause to arrest plaintiffs.

*Id.* at 567.

However, to the extent that plaintiffs suggest that the state court ruling in dismissing the case should be dispositive in finding no probable cause, the Court disagrees with that contention. In dismissing the Information as insufficient, the Suffolk County District Court relied on N.Y. Crim. Proc. Law § 100.40(1), which requires that "[n]on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant's commission thereof." Specifically, the court held, with respect to the victim's sworn statement, that "[t]he conclusory allegation that defendant was coaching the third party who made the calls, the granddaughter, is insufficient as an allegation that defendant herself engaged in conduct which violated the order of protection . . . ." (Defs.' Ex. F.) The court made no finding that the officers lacked probable cause. *See, e.g.*, *Hernandez v. City of Rochester*, 260 F. Supp. 2d 599, 611 (W.D.N.Y. 2003) (declining to conclude in § 1983 false arrest case that criminal charges dismissed by the city court were dismissed for lack of probable cause in the absence of an express finding to that effect). Moreover, in the instant lawsuit, the question is not simply whether there was probable cause to arrest based upon the information contained in the Misdemeanor Information; rather, the question is whether such probable cause existed based upon all the information available to the police officers prior to arrest (whether contained in the Misdemeanor Information or not) and, at trial, Officer Rieppel can testify as to all the information available to him, from his interactions with the victim or any other sources.

In addition to the conclusory nature of the information in the victim's sworn statement, plaintiffs also argue that summary judgment is unwarranted because the circumstances of the incident should have raised questions regarding Torino's veracity, thus requiring defendants to investigate further. In particular, plaintiffs argue that the seven-month delay in reporting the alleged crime to the police made Torino's complaint unreliable, thus requiring defendants to investigate further. Such a delay can of course be a factor for the officers to consider in assessing a complainant's truthfulness. *See, e.g.*, *Cornett v. Brown*, 04-cv-0754 (DGT)(LB), 2007 WL 2743485, at *6

(E.D.N.Y. Sept. 17, 2007) ("Courts applying this limitation to the victim/citizen complaint rule have found that the complainant's delay in reporting a crime is a factor for determining the complainant's truthfulness.") (citations omitted) (denying defendants' motion for summary judgment on § 1983 false arrest claim where three weeks passed between the alleged crime and the complaint, there was no excuse for the delay, the complaint was unsigned, and police did not arrest the plaintiff until three months after the filing of the complaint); *see also Bullard v. City of New York*, 240 F. Supp. 2d 292, 298 (S.D.N.Y. 2003) (denying motion to dismiss on false arrest claims noting, among other things, that "[t]he lengthy delay [in the witness's complaint] raises questions as to the legitimacy of the complaints that the defendants apparently left unanswered"). Defendants respond that there is evidence that Torino provided an explanation to the police for the delay – namely, Torino told Officer Rieppel that he believed Denise Torino had recently caused damage to his son's gravesite, and "that this was a factor in his decision to bring the charges." (Defs.' 56.1 ¶ 8.)

Plaintiffs also argue that the police should have listened to the tapes before making the arrest because the alleged crime was minor and urgent action was not required. (Pls.' Br. at 1-2 (citing *Reardon v. Wroan*, 811 F.2d 1025, 1028-29 (7th Cir. 1987)). The record is unclear as to whether the victim ever gave the tapes to the police, or whether they were ever requested. The Court, however, notes that, assuming there was not reason to doubt the complainant's veracity, the police officers were under no obligation to investigate further Torino's claim before making the arrest. *See Ricciuti*, 124 F.3d at 128 ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); *Curley*, 268 F.3d at 70 ("Although a better procedure may have been for the officers to investigate plaintiff's version of events more completely, the arresting officer does not have to prove plaintiff's version wrong before arresting him.").

However, given the totality of the circumstances in this particular case, plaintiffs have raised a genuine issue of fact on the question of whether the circumstances were such that they raised doubt about the veracity and reliability of the conclusory statements by the complainant. The Court emphasizes that the mere passage of a significant period of time between a crime and the report to the police does not necessarily raise questions about the veracity of the victim, especially if a credible reason for the delay is given. However, viewing the evidence in the light most favorable to plaintiffs (including drawing all reasonable inferences in their favor), the totality of the circumstances in this particular case – including the conclusory nature of the sworn statement and the long period of delay in reporting the crime – are sufficient to raise a genuine issue of fact on the question of probable cause to arrest.[5]

---

[5] Plaintiffs also make other arguments which the Court does not rely upon in reaching its determination. For example, although they make no mention of it in their brief, counsel for plaintiffs at oral argument pointed to the fact that the arresting officers indicated that they believed the basis for the arrest was questionable, and argued that this fact bears on what a reasonable officer would have done in the circumstances. In particular, in her affidavit, Denise Torino states that she heard the arresting officers "indicate[] they did not want their involvement with [her]

8

Where, as here, the issue of probable cause is arrest or processing to be documented because of the questionable nature of the basis for [her] arrest and the charge which was lodged against [her], " (Pls.' Aff. ¶ 20, 21), a fact defendants disputed at oral argument. These alleged post-arrest statements by unnamed police officers are not probative on the false arrest claim. As a threshold matter, there is no evidence that any officers indicated to Officer Rieppel that there was some reason to doubt Torino's veracity. Therefore, any such evidence goes only to these unnamed officers' subjective beliefs, which are irrelevant as a matter of law. *See United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 85 (2d Cir. 2002) ("[T]he determination of probable cause is an objective one, to be made without regard to the individual officer's subjective motives or belief as to the existence of probable cause."). Similarly, plaintiffs mention in their Affidavit in Opposition that the complainant was an "emotionally involved former police officer" (Pls.' Aff. ¶ 26), implicitly arguing that this fact made further investigation by defendants necessary. The Court rejects this argument. First, whenever orders of protection are involved, emotions often run high. *See Little v. P.O. Massari*, 526 F. Supp. 2d 371, 377 (E.D.N.Y. 2007) ("Probable cause therefore does not admit to the automatic discounting of the account of a complainant for whose benefit an Order of Protection is issued. If it did, the standard would diminish whatever level of protection such Orders provide. This is simply because in every instance, the Order of Protection is addressed to a relationship *in extremis*."). At oral argument, plaintiffs asserted that Torino influenced Officer Rieppel because he was a former police officer. Even if Rieppel were motivated by Torino's status as a former police officer, if probable cause exists, as noted above, an officer's subjective motivation to arrest is irrelevant. *See Lee*, 136 F.3d at 103 n.5 ("[P]laintiff's suspicion that Trooper Sandberg ordered the arrest solely to appease Mrs. Lee, who had indicated her intent to file a complaint against Trooper Sandberg, is irrelevant to our probable cause consideration.").

"factual in nature," it must be presented to a jury. *Moore*, 32 F.3d at 673. Thus, the motion for summary judgment, on the grounds that probable cause existed for the arrest as a matter of law, is denied.

(2) Qualified Immunity

Defendants argue in the alternative that, even assuming *arguendo* that Officers Rieppel and Dolan did not have probable cause to arrest Denise Torino, they are entitled to qualified immunity as to plaintiffs' false arrest claim. As set forth below, the Court concludes that the current record does not provide a sufficient basis for the Court to determine whether the defendants are entitled to qualified immunity. Thus, the motion for summary judgment on such grounds is denied without prejudice to renew such motion at the close of the evidence at trial.

The doctrine of qualified immunity shields government officials from civil liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As the Second Circuit has noted, "[t]his doctrine is said to be justified in part by the risk that the 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" *McClellan v. Smith*, 439 F.3d 137, 147 (2d Cir. 2006) (*quoting Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (quotation omitted)). Thus, qualified immunity is not merely a defense, but rather is also "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, the availability of qualified immunity should be decided by a court "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502

U.S. 224, 227 (1991).

When analyzing qualified immunity in the context of a suit for damages based on an arrest allegedly without probable cause, a police officer is immune from such suit "'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 416 (2d Cir. 1999) (quoting *Golino v. City of New Haven,* 950 F.2d 864, 870 (2d Cir. 1991)). "The right not to be arrested or prosecuted without probable cause has, of course, long been a clearly established constitutional right." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). It is well-settled that "the issue of the reasonableness of an arrest or a search for purposes of a Fourth Amendment inquiry is distinct from the issue of objective reasonableness for purposes of a qualified immunity inquiry." *Provost v. City of Newburgh*, 262 F.3d 146, 168 n.5 (2d Cir. 2001) (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("It simply does not follow immediately from the conclusion that it was firmly established that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment that [the] search was objectively legally unreasonable.")) (additional citation omitted). In *Anderson v. Creighton*, the Supreme Court held that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable." 483 U.S. at 641.

The Second Circuit has defined this standard, which is often referred to as "arguable probable cause," as follows:

> Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law. It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials – like other officials who act in ways they reasonably believe to be lawful – should not be held personally liable.

*Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001) (quotations and citations omitted). Moreover, under that standard, "an 'arresting officer is entitled to qualified immunity as a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met.'" *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006) (quoting *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987)).

In the instant case, plaintiffs assert various violations of their constitutional rights, including that defendants arrested Denise Torino without probable cause. Therefore, the question at this juncture is whether it was objectively reasonable for the individual defendants to believe that probable cause existed to arrest plaintiff, or whether officers of a reasonable competence could disagree as to the existence of probable cause. In particular, as noted above, plaintiffs contend

that, based on (among other things) the conclusory nature of the information supplied by the victim and the long delay in reporting the crime, defendants were put on notice as to the potential falsity or unreliability of the victim's complaint.

Although defendants dispute these allegations and argue that they are entitled to qualified immunity, there is simply insufficient information at this stage to determine whether the conduct of the individual officers in this case is protected by qualified immunity. As noted *supra* in connection with the probable cause analysis, there is insufficient evidence in the record because of the conclusory nature of the sworn statement by the victim to determine what information the police officers had available to them at the time of arrest. *See, e.g.*, *McClellan*, 439 F.3d at 148-49 (holding that "there is nothing in the present record to indicate whether 'reasonable officers would disagree' as to the propriety of [the officer's] actions" and reversing district court's grant of summary judgment); *Cornett v. Brown*, No. 04-cv-0754 (DGT)(LB), 2006 WL 845568, at *12 (E.D.N.Y. Mar. 30, 2006) (denying summary judgment on qualified immunity grounds where the statement to the officer "which presumably prompted plaintiff's arrest is not in evidence" and "[o]n this record it is impossible to determine whether [the officer's] actions were reasonable"); *Houston v. New York City Trans. Auth.*, No. 93 CV 1291 (FB), 1996 WL 173128, at *6 (E.D.N.Y. Apr. 10, 1996) ("The Court here, however, is unable to conclude on the available facts, which are in dispute, that [the officer] is entitled to qualified immunity as a matter of law. Because the facts surrounding [plaintiff's] arrest and subsequent prosecution have not adequately been developed, summary judgment also is inappropriate on the issue of qualified immunity."). Although a two-page affidavit from Officer Rieppel was submitted in connection with the summary judgment motion by the defendant, the information in the affidavit is insufficient for the Court to determine (1) the circumstances surrounding his receipt of the information from the complainant, (2) the totality of the information provided to him by the complainant, and (3) whether he had any information available to him concerning the veracity or lack thereof of the information being provided to him by the complainant. In sum, although the Court again recognizes that the qualified immunity issue should be decided at the earliest juncture where possible, defendants' motion for summary judgment on the basis of qualified immunity is denied, given the disputed issues of fact and the insufficiency of the record on this issue in this particular case. Accordingly, summary judgment on qualified immunity grounds is denied.

### B. Plaintiffs' Claims Against Suffolk County

Plaintiffs also assert a § 1983 claim pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), against the County of Suffolk. Under *Monell*, a municipal entity may be held liable under § 1983 where a plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell*, 436 U.S. at 694-95; *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733-36 (1989), and *Monell*, 436 U.S. at 692-94). "The policy or custom need not be memorialized in a specific rule or regulation." *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (citing *Sorlucco v. N.Y. City Police Dep't*, 971 F.2d 864, 870 (2d

Cir. 1992)). A policy, custom, or practice of the municipal entity may be inferred where "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" *Patterson*, 375 F.3d at 226 (quoting *Kern*, 93 F.3d at 44). However, a municipal entity may only be held liable where the entity *itself* commits a wrong; "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.

All of plaintiffs' claims – false arrest, unlawful entry, and excessive force – against the County of Suffolk must be dismissed because plaintiffs have provided no evidence whatsoever that the County had a policy, custom, or practice of allowing the alleged constitutional violations.[6] *See, e.g.*, *Vippolis v. Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("A plaintiff who seeks to hold a municipality liable in damages under section 1983 must prove that the municipality was, in the language of the statute, the 'person who . . . subjected, or cause[d] [him] to be subjected,' to the deprivation of his constitutional rights.") (citing 42 U.S.C. § 1983). In short, there is a complete absence of any evidence to support *Monell* liability against the County of Suffolk for the alleged actions of these police officers. Therefore, the Court grants defendants' motion for summary judgment as to plaintiffs' *Monell* claim.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion is granted in part and denied in part. In particular, the motion is denied with respect to the false arrest claims against Officers Rieppel and Dolan, and is granted as to the claims against the County of Suffolk.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 8, 2009
Central Islip, New York

\* \* \*

The attorney for plaintiffs is Arthur V. Graseck, Jr., Esq., 1870 Spur Drive South, Islip Terrace, New York 11752. The attorney for defendants is Brian C. Mitchell, Esq., Assistant County Attorney, on behalf of Christine Malafi, Esq., Suffolk County Attorney, Suffolk County Department of Law, 100 Veterans Memorial Highway, P.O. Box 6100, Hauppauge, New York 11788.

---

[6] Plaintiffs' counsel conceded at oral argument that they have no evidence of any wrongdoing by the County of Suffolk apart from the complained of incident, and simply stated in their brief that "[i]t would not be appropriate prior to hearing trial testimony for the court to speculate on whether County condonation of wrongful conduct cause[d] the complained of events to occur." (Pls.' Br. at 2.) This conclusory assertion, with no evidence to support it, is insufficient to defeat defendants' motion for summary judgment.